United States District Court
Southern District of Texas

**ENTERED**

June 01, 2023

Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE F. GARZA | § | |
| (TDCJ #01576511), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:22-CV-333 |
| | § | |
| BOBBY LUMPKIN, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION, | § | |
| | § | |
| Respondent. | § | |

## REPORT & RECOMMENDATION

Petitioner, Jose F. Garza, a state prisoner proceeding *pro se*, initiated this action on September 12, 2022, by requesting the court in a letter motion to open a matter pursuant to 28 U.S.C. § 2254 in the Houston Division of the Southern District of Texas to contest his state conviction for murder out of the 92nd Judicial District Court, Hidalgo County, Texas. *See* Letter Petition, *Jose F. Garza v. Bobby Lumpkin – Director of the Criminal Institutions Division*, Case No. 4:22-cv-3106 (Dkt. No. 1 at 1). On September 15, 2022, Petitioner's letter petition was transferred to the McAllen Division of the Southern District of Texas. *See* Order of Transfer, *Garza v. Lumpkin*, Case No. 4:22-cv-3106 (Dkt. No. 4). Subsequently, this matter was opened in the McAllen Division and the case was referred to the undersigned for report and recommendation under 28 U.S.C. § 636(b).

On September 22, 2022, Petitioner filed a formal Petition for Writ of Habeas Corpus by a Person in State Custody per 28 U.S.C. § 2254 in the Corpus Christi Division of the Southern District of Texas. *See* Petition, *Jose Fidencio Trevino Garza v. Bobbly Lumpkin-Director-TDCJ-CID*, Case No. 2:22-cv-00221 (Dkt. No. 1). In a letter filed by Petitioner, dated as of October 4, 2022, but received and filed on October 11, 2022, by the Clerk's Office, Petitioner indicates that Petitioner would prefer to proceed forward in the Corpus Christi Division with his habeas petition. *See* Dkt. No. 6 at 1, 4-5. On October 19, 2022, the habeas petition filed in the Corpus Christi Division was consolidated with the proceedings in the McAllen Division (this matter) because the state conviction is out of Hidalgo County, Texas. *See* Order of Consolidation, *Garza v. Lumpkin*, Case No. 2:22-cv-00221 (Dkt. No. 8). On October 28, 2022, this court issued a scheduling order providing deadlines for both Respondent's answer and Petitioner's response. After granting two extensions of the scheduling order, each party has filed a respective answer and responses.

Petitioner seeks review of his state conviction based on several constitutional violations, specifically: (1) ineffective assistance of trial counsel based on various allegations of misconduct including failure to investigate, failure to object to defective indictment, failure to confront witnesses at trial, and conflict of interest (Dkt. No. 8 at 7, 12, 13, 16, 23); (2) violation of his constitutional right to a fair and impartial trial under the Sixth Amendment due to judicial bias (*id.* at 7, 21, 23, 25, 27); (3) improper prosecutorial conduct during voir dire (*id.* at 7, 25); (4) violation of Due Process Clause due to a defective indictment (*id. at* 12); and (5) insufficient evidence to support the jury verdict (*id.* at 27).[1] In response, Respondent argues that Petitioner's claims should be dismissed because Petitioner has untimely filed the habeas petition, and Petitioner has failed to establish that equitable tolling is warranted. (Dkt. No. 33 at 7-8.)

---

[1] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* filings "to less stringent standards than formal pleadings drafted by lawyers").

On April 25, 2023, Petitioner filed a response to Respondent's Motion to Dismiss, realleging the claims in his original petition as justification to dismiss Respondent's Motion to Dismiss. Respondent, on the same date, also filed a "Motion to Dismiss Respondent's Motion to Dismiss" where he requests that the court vacate the judgment against him under Rule 60(b) based on the habeas petition and, in particular, due to the "fraudulent indictment" inappropriately utilized by the State to convict Petitioner. (*See generally* Dkt. Nos. 38, 39.)

After carefully reviewing the filings, record, and relevant law, and for the reasons set forth below, Petitioner's habeas petition is untimely filed and therefore time-barred from review. Therefore, the undersigned recommends Respondent's Motion to Dismiss (Dkt. No. 33) be **GRANTED**. It is further recommended that Petitioner's Motion to Dismiss (Dkt. No. 39) and Petitioner's request for evidentiary hearing (Dkt. Nos. 22, 40, 41), request for bond (Dkt. No. 29), request to vacate order per Fed. R. Civ. P. 60(b) (Dkt. No. 39), and request for appointment of counsel (Dkt. No. 41) all be **DENIED**.

It is further recommended that Petitioner's § 2254 habeas petition (Dkt. No. 8) be **DISMISSED with prejudice** and this case closed out.

It is further recommended that the District Court **DECLINE** to issue a certificate of appealability.

## BACKGROUND

### I. Criminal Conviction & State Review

On May 5, 2009, after a jury found Petitioner guilty of first-degree murder in the State of Texas, Petitioner was sentenced to eighty years' imprisonment. (Dkt. No. 34-6 at 33.)[2] On

---

[2] Citations to Dkt. Nos. 34 & 35 are in reference to State Court Records provided by Respondent.

December 9, 2010, the Court of Appeals affirmed Petitioner's conviction. *Garza v. State*, 398

S.W.3d 738, 739 (Tex. App.—Corpus Christi-Edinburg 2010, pet. ref'd).

> The state appellate court succinctly summarized the allegation:
>
> On the afternoon of January 21, 2008, Rudolph Johnston and Alejandro Macias
> arrived at the Cardinal Express convenience store in La Villa, Texas. Macias exited
> the passenger side of Johnston's truck and within moments, was shot and killed.

*Id*. at 739. While no one observed the actual shooting, the state prosecutor presented circumstantial

evidence implicating Petitioner as the man who killed Macias: one witness observed Petitioner in

close proximity of the victim with a gun in his hand, two other witnesses noted Petitioner had left

the store after buying a beer just prior to the shooting, another witness observed Garza's vehicle

leave the store after the shooting and was able to provide the license plate number for said vehicle,

and another witness observed Garza leaving in his vehicle right after the shooting. *Id.* at 739-741,

745 (providing summarization of testimony presented and concluding that based on the

circumstantial evidence presented, "a rational juror could have found beyond a reasonable doubt

that [Petitioner] was guilty of murder.").

On May 18, 2011, the Texas Court of Criminal Appeals (TCCA) denied petition for

discretionary review.

On December 23, 2009, while the direct appeal was pending review, the Petitioner filed

his first state habeas corpus petition pursuant to art. 11.07 of Texas Code of Criminal Procedure.

(Dkt. No. 34-3 at 7-19.) On February 3, 2010, the TCCA dismissed Petitioner's first state habeas

petition for lack of jurisdiction since it was filed prematurely during the pendency of his direct

appeal. *See Ex parte Garza*, No. WR-73,402-01, 2010 WL 1077999, at *1 (Tex. Crim. App. March

24, 2010) (clarifying that dismissal dated on February 3, 2010, was because the court did not have

jurisdiction under art. 11.07 since the felony conviction was not considered final for purposes of

habeas review  (citing Tex. Code Crim. Proc. art. 11.07 § 3(a), *Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000)).  Petitioner filed three more state habeas petitions under art. 11.07.

On August 7, 2017, Petitioner filed his second state habeas petition alleging (1) insufficient evidence supporting his conviction, (2) trial court error in failure to deny his request for new counsel, (3) ineffective assistance of counsel, and (4) a speedy trial violation. (Dkt. Nos. 34-6 at 36-45; 34-7 at 1-9.)  At the request of the state prosecutor for purposes of developing the record, the state district court ordered a designation of issues and requested a statement from counsel for Petitioner, Jaime Aleman (hereinafter referred to as "Trial Counsel"[3]), regarding a potential conflict of interest. (Dkt. No. 34-7 at 23-25.)  On September 29, 2017, Petitioner's Trial Counsel filed an affidavit denying any conflict of interest based on an alleged family relationship to the victim.  Trial Counsel set out that there was no relationship between himself and the family of the murder victim and explained that his ability to represent Petitioner was "not affected in any way by any personal connection to the murder victim or his family."  (*Id*. at 44.)   Trial Counsel also denied any violation of Petitioner's rights related to Petitioner's ability to testify at trial. Specifically, Trial Counsel asserted that the option of testifying was discussed with Petitioner before trial, and ultimately, Petitioner agreed that it was best trial strategy for Petitioner to not testify.  (*Id*.)  On November 3, 2017, the state district court recommended that Petitioner's habeas petition be denied.  (Dkt. No. 34-8 at 35-42.)  On April 11, 2018, the TCCA formally *denied* the writ without written order.  *See Ex parte Jose Fidencio Trevino Garza*, WR-73,402-02 (Tex. Crim. App. Apr. 11, 2018) (Dkt. No. 34-5 at 1).

---

[3] Petitioner was represented by two attorneys during trial – Jaime Aleman and Daniel Reyes.  Unless otherwise noted, Trial Counsel is in reference to Jaime Aleman. *See* Dkt. No. 8 at 9 (Petitioner indicating within petition that he was represented by both Misters Aleman and Reyes); *see also* Dkt. No. 34-8 at 27-32 (Transcript of Status Hearing in state district court held on Oct. 8, 2008, indicating representation of Petitioner by noted counsel; the assigned state prosecutor was Andrew Almaguer).

On September 13, 2021, the Hidalgo County Clerk's Office filed a third state habeas petition presented by Petitioner alleging various constitutional violations as to the trial court proceedings. (Dkt. No. 34-13 at 13-95.) Petitioner did not allege any grounds within the formal petition but set forth in an attached memorandum claims that his arrest was illegal, ineffective assistance of counsel due to failure of counsel to investigate legality of arrest, Trial Counsel's conflict of interest due to alleged familial relationship with murder victim, judicial misconduct, and claim as to defective indictment. (Dkt. No. 34-13 at 66-95.) On October 22, 2021, based on state prosecutor's response, the state district judge recommended that the petition be dismissed per Rule 73.2 of the Texas Rules of Appellate Procedure for the application was not compliant with Rule 73.1(c) as Petitioner failed to set forth the alleged grounds within the state habeas petition form. (Dkt. No. 34-13 at 112-115.) On November 3, 2021, the TCCA granted the request and dismissed the writ per Tex. R. App. P. 73.2 and without written order, refusing to review the claims due to Petitioner's non-compliance with Texas Rules of Appellate Procedure. *Ex parte Jose Fidencio Trevino Garza*, WR-73,402-03 (Tex. Crim. App. Nov. 3, 2021) (Dkt. No. 34-9 at 1).

On November 8, 2021, Petitioner filed a fourth state habeas petition. (Dkt. No. 35-2 at 72-131). Once again, alleging that Trial Counsel had a conflict of interest due to his relationship to the victim, insufficient evidence to support the verdict, ineffective assistance of counsel, and violation of Speedy Trial Act. (Dkt. No. 35-2 at 72-90.) The state prosecutor recommended that this petition be denied as a successive or second petition for the petition did not meet the requirements of art 11.07 §4(a) – that is the petition failed to establish that the claims presented could not have been addressed in the previous application because the facts or legal issues of said claims were previously unavailable. (Dkt. No. 35-2 at 138-143.) On February 7, 2022, the state district court issued an Order recommending the application be dismissed for those noted reasons.

(Dkt. No. 35-2 at 145-149.)  On March 2, 2022, Petitioner's fourth habeas petition was dismissed

by the TCCA as it was barred from consideration as a successive petition under art. 11.07 § 4(a)-

(c).  *Ex parte Jose Garza*, WR-73,402-04 (Tex. Crim. App. Mar. 2, 2022) (Dkt. No. 34-15 at 1).[4]

## II.  Federal Habeas Appeal

### a.  *Venue:  McAllen Division of the Southern District of Texas*

On September 12, 2022, Petitioner filed a request to file a federal petition for habeas corpus

under § 2254 in the Houston Division of the Southern District of Texas.  On September 22, 2022,

Petitioner filed the federal habeas petition under § 2254 in the Corpus Christi Division of the

Southern District of Texas.  Petitioner then requested that the Houston Division petition be closed

out, and only the Corpus Christi filing be continued.  Petitioner continues to reference and argue

that Corpus Christi is the proper court for his petition and has made previous requests to proceed

within that division.  *See* Dkt. No. 11 at 2; *see also* Dkt. No. 17 at 2 ("Then you dicided [sic] to

move the address unnecesarily [sic] and improperly to the McAllen U.S.D.C. office under the Now

7:22-cv-00333."); *see also* Dkt. No. 41 (letter addressed to the Honorable Judge Morales, who is

designated to the Corpus Christi Division).  Therefore, the undersigned will address why this

matter is proceeding in McAllen Division of the Southern District of Texas before going forward

with review of the Petitioner's claims.

---

[4] It is important to note that when the Texas Court of Criminal Appeals "denies" a writ of habeas corpus, it "signifies an adjudication on the merits while a 'dismissal' means the claim was declined on other grounds than the merits."  *Wall v. Director, TDCJ-CID*, No. 4:18CV584, 2021 WL 4900766, at *3 (E.D. Tex. Apr. 18, 2021), *report and rec. adopted*, No. 4:18CV584, 2021 WL 4901713 (E.D. Tex. Sept. 15, 2021), *reconsideration denied*, No. 4:18CV584, 2022 WL 200402 (E.D. Tex. Jan. 21, 2022).  As noted, the second writ was "denied," thus the merits of the matter were considered, while the other three writs were "dismissed."  *Compare Ex parte Jose Fidencio Trevino Garza*, WR-73,402-02 (Tex. Crim. App. April 11, 2018) (Dkt. No. 34-5), *with Ex parte Jose Fidencio Trevino Garza*, WR-73,402-01, 2010 WL 1077999 (Tex. Crim. App. Mar. 24, 2010) (Dkt. Nos. 34-1, 34-2.), *Ex parte Jose Fidencio Trevino Garza*, WR-73,402-03 (Tex. Crim. App. Nov. 3, 2021) (Dkt. No. 34-9), and *Ex parte Jose Garza*, No. WR-73,402-04 (Tex. Crim. App. Mar. 2, 2022) (Dkt. No. 34-15).

Petitioner is in state custody in Lovelady, Texas, pursuant to a state-court judgment and sentence out of Edinburg, Texas. Therefore, because Texas has more than one federal district, jurisdiction over Petitioner's case is proper in two places: (1) the district in which his state-court conviction was entered, and (2) the district in which he is currently incarcerated. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 962 (5th Cir. 2000). The Wainwright Unit, where Petitioner is currently incarcerated, is located in Houston County, which is in the Lufkin Division of the Eastern District of Texas. 28 U.S.C. § 124(c)(6). Petitioner's state court conviction was entered in Hidalgo County, which is in the McAllen Division of the Southern District of Texas. 28 U.S.C. § 124(b)(7). Petitioner's filing is proper in one of two courts: (1) the Lufkin Division of the Eastern District of Texas, or (2) the McAllen Division of the Southern District of Texas.

As noted by the Order of Transfer issued out of the Houston Division, while the Houston Division has proper jurisdiction to review Petitioner's filing within the Southern District of Texas, it is the Southern District policy to transfer habeas petitions filed by state prisoners to the division in which the petitioner's state court conviction was entered. *See* Order to Transfer, *Garza v. Lumpkin*, Case No. 4:22-cv-03106 (Dkt. No. 4 at 2) (citing General Order of May 30, 1985 – "dictating that challenges to a state conviction go to the division within the district where the conviction is entered"). Because Petitioner's state court conviction was entered in the 92nd District Court, Hidalgo County, Petitioner's Houston Division letter motion was transferred to the McAllen Division. Similarly, Petitioner's Corpus Christi habeas petition was consolidated with the present petition in the McAllen Division. *See* Order of Consolidation, *Garza v. Lumpkin*, Case No. 2:22-cv-0221 (Dkt. No. 8).

In sum, Petitioner's Houston filing and Petitioner's Corpus Christi petition were each properly transferred and consolidated within this proceeding in the McAllen Division.

**b.** *__Summary of Pleadings for Petitioner and Respondent__*

Petitioner argues that Trial Counsel's alleged familial relationship to the victim in Petitioner's criminal case created a conflict of interest causing ineffective representation in violation of his Sixth Amendment right to counsel. (Dkt. No. 8 at 7, 23.) Petitioner also argues that trial counsel, both Jaime Aleman and Daniel Reyes, were deficient in their failure to object to the validity of the indictment (*id.* at 16), failure to investigate the grand jury panel (*id.* at 19), and failure to confront witnesses and present exculpatory evidence during trial – specifically evidence and argument identifying the "weakly supported case [sic] of the evidence" (*id.* at 27). Petitioner argues that the Prosecutor violated his constitutional rights by asking the jury to convict Petitioner during *voir dire* by asking the jury members questions "on the side… when everyone is [sic] excused." (*Id.* at 25.) Petitioner argues that the Judge violated Petitioner's constitutional rights by failing to obtain a valid indictment (Dkt. No. 8 at 21) and by failing to remove Trial Counsel after the conflict of interest was raised by Petitioner (*id.* at 27). Petitioner argues that prosecutor violated the Due Process Clause by proceeding forward on a defective indictment. (*Id.* at 21). And Petitioner argues that there is insufficient evidence to support the jury verdict. (*Id.* at 27).

In response, the Respondent argues that the Petition should be dismissed because it is untimely, and no statutory or equitable tolling applies to overcome this deficiency. Respondent alleges that Petitioner's opportunity to file a habeas petition expired on August 16, 2012, unless a properly filed application for state writ of habeas corpus tolled the limitations period. (Dkt. No. 33 at 7.) Respondent concludes that none of the state habeas petitions are sufficient to toll the limitations period, and, as such, Petitioner's habeas petition is untimely filed, and the claims are barred from review. (*Id.*)

In response to Respondent's motion to dismiss, Petitioner argues that he is in custody in violation of the constitution, and thus, despite the untimeliness, Petitioner's habeas petition should be granted. (Dkt. No. 38 at 2.) Petitioner continues to re-assert the merits of his petition; however, Petitioner does not make any arguments attempting to overcome the untimeliness outlined in Respondent's motion. Petitioner also filed a "Motion to Dismiss Respondent's Motion to Dismiss," in which Petitioner continues to argue that dismissing Petitioner's complaint would be in violation of federal law and against Petitioner's constitutional rights. (Dkt. No. 39 at 2-6.) Petitioner further submits that he is entitled to said relief pursuant to Federal Rule of Civil Procedure 60(b). (*Id.* at 1-3.)

On May 1, 2023, Petitioner filed a letter addressed to the Honorable District Court Judge Morales[5] seeking prompt resolution of the matter. (Dkt. No. 41 at 1.) Within this letter motion, Petitioner once again reiterates his claims that Trial Counsel was ineffective due to a conflict of interest (*id.* at 1), that the indictment is fraudulent and void (*id.* at 1, 3), and there is insufficient evidence to support the jury verdict (*id.* at 4). Petitioner also requests an evidentiary hearing to address the claims and appointment of counsel. (*Id.* at 4-6.)

On May 8, 2023, Petitioner filed a letter motion directed to the undersigned magistrate judge, again reiterating the submitted claims and seeking an evidentiary hearing. *See generally* Dkt. No. 40.

## APPLICABLE LAW & ANALYSIS

### I.   28 U.S.C. § 2254 – Habeas Petition

---

[5] Petitioner is under the mistaken belief that the case is pending before the Hon. Judge David S. Morales out of the Corpus Christi Division; upon the case being transferred to McAllen, the case has been assigned to the Hon. Ricardo H. Hinojosa.

Petitioner's federal filing is subject to review under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. An application for a writ of habeas corpus by a person in custody under the judgment of a state court can only be granted on grounds that the petitioner is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Habeas proceedings must honor the "presumption of finality and legality [that] attaches to [a petitioner's] conviction and sentence." *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983). Relief, therefore, is not available for any claim decided on the merits in the state court proceedings unless the state court's adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Furthermore, "[b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also* 28 U.S.C. § 2254(b)(1)(A), (c). The exhaustion requirement "is grounded in principles of comity and reflects a desire to protect the state courts' role in the enforcement of federal law." *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (internal quotation marks and citations omitted); *see also McGowen v. Thaler*, 717 F. Supp. 2d 626, 638 (S.D. Tex. 2010). The rule has been "[c]odified since 1948 in 28 U.S.C. § 2254" and "while not a jurisdictional requirement [the rule] creates a strong presumption in favor of requiring the prisoner to pursue his available state remedies." *Castille*, 489 U.S. at 349 (internal quotation marks, citations and footnote omitted); *see also Laneheart v.*

*Louisiana*, No. CV 21-443, 2022 WL 635431, at *9 (E.D. La. Feb. 4, 2022) (noting that "[t]he exhaustion doctrine is principally designed to protect the state court's role in the enforcement of federal law and prevent disruption of state judicial proceedings." (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982))).

When a petitioner has properly raised a federal constitutional claim before the state courts, "and the state courts have adjudicated their merits, AEDPA provides for a deferential federal review." *Ramey v. Davis*, 314 F. Supp. 3d 785, 802 (S.D. Tex. 2018). Likewise, the application must also be timely filed. *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003).

**II. Timeliness**

AEDPA establishes a one-year period for filing habeas corpus petitions by persons in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). Because Petitioner attacks his conviction, the one-year period of limitations, absent any tolling, ran from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see also Mark v. Thaler*, 646 F.3d 191, 193 (5th Cir. 2011) (noting that state conviction became final for habeas review "when the time seeking further direct review expired." (quoting *Roberts*, 319 F.3d at 694-95 (5th Cir. 2003))).

The judgment and sentence for Petitioner's conviction was entered on May 5, 2009. Petitioner's conviction was affirmed by the Texas Court of Appeals on December 9, 2010, and the petition for direct review was denied on May 18, 2011. Petitioner's conviction became final 90 days after the direct review was denied, on August 16, 2011, when the time for filing a petition for writ of certiorari with the United States Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009); *Catchings v. Fisher*, 815 F.3d 207, 210 (5th Cir. 2016); *Harrison v. Stephens*, No. CIV.A H-14-2991, 2015 WL 350788 (S.D. Tex. June 3, 2015); *see also* Sup. Ct. R.

13.1 (petition for writ of certiorari is timely filed 90 days after entry of judgment). Therefore, Petitioner had one-year from August 16, 2011, absent any tolling, to file his federal petition. Accordingly, the statute of limitations for Petitioner to properly file in this court expired on August 16, 2012.

Petitioner initially filed a request to open a habeas case in the Houston Division on September 12, 2022. (Dkt. No. 1.) No formal habeas petition was filed in the Houston or McAllen Division thereafter. Rather, the only formal habeas petition was filed in the Corpus Christi Division and subsequently consolidated with the present case. Petitioner's habeas filing currently being considered by this court is the Corpus Christi filing. Petitioner's habeas petition was entered into the Southern District filing system on September 22, 2022, but Petitioner alleges that he placed it in the prison mailing system on September 14, 2022. The courts consider federal petitions filed on the date such petitions were placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (for purposes of determining applicability of AEDPA, a federal petition is filed on the date it is placed in the prison mail system); *see also Medley v. Thaler*, 660 F.3d 833, 840 (5th Cir. 2011); R. Gov. Sec. 2254 Cases 3(d). Thus, Petitioner's filing is considered filed on September 14, 2022, over ten years past the filing deadline. *See* Dkt. No. 8 at 11. As such, Petitioner's present petition is untimely filed and barred from review by this court, absent any statutory or equitable tolling.

### a. *Statutory Tolling*

Relevant to Petitioner's filing, the statute of limitations may be tolled statutorily by the filing of a proper state habeas application or the discovery of new evidence that provides a basis for relief.

Under section 2244(d)(2), the one-year limitation period is tolled during the time in which "a *properly* filed application for State post-conviction or other collateral review … is pending." 28 U.S.C. § 2244(d)(2) (emphasis added).  However, if a state application is filed after the federal filing deadline, the state filing will not operate to toll the limitations period.  *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that the "state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until *after* the period of limitation had expired" (emphasis in original)); *see also Flores v. Quarterman*, 467 F.3d 484, 485-86 n.2 (5th Cir. 2006) (same) (citing *Scott*); *Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013) (same) (citing *Scott*).

Unfortunately for Petitioner, only one state filing was properly filed.  The three state habeas applications filed on December 23, 2009, August 25, 2021, and November 1, 2021, cannot be considered for purposes of tolling the statute of limitations because they were not properly filed – the first writ was filed too early, the writ from August of 2021 was not appropriately completed by Petitioner, and the November of 2021 writ did not appropriately comply with requirements for a successive, subsequent writ under the Texas Code of Criminal Procedure.  *See Larry v. Dretke*, 361 F.3d 890, 894 (5th Cir. 2014) (state habeas petition filed prematurely or is otherwise "noncompliant" is "not properly filed" for purposes of tolling the statute of limitations); *Edwards v. Dretke*, 116 F. App'x 470, 471 (5th Cir. 2014) (an application which failed to comply with Tex. R. App. P. 73 is not properly filed).  Thus, the only state petition that could possibly toll the statute of limitations in Petitioner's favor is the properly filed habeas application on August 7, 2017 – the second of the four state writs filed by Petitioner.

However, even Petitioner's properly filed state petition does not operate to toll the statute of limitations in his favor because it was filed nearly five years after the federal statute of limitations period expired.  *Scott*, 227 F.3d at 263; *see also Flores*, 467 F.3d at 485-86 n.2 (citing

*Scott*); *Richards*, 710 F.3d at 576 (citing *Scott*).  Therefore, because Petitioner did not properly file his state petition until over five years after the expiration of the limitation period, the petition does not toll the federal filing deadline in his favor.

Alternatively, under § 2244(d)(1)(D), the AEDPA limitation period may be tolled until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  This allows for tolling if some factual predicate is discovered that was not and could not have been previously discovered that would afford the petitioner habeas relief.  This statutory tolling also does not operate in Petitioner's favor because Petitioner does not present any facts in support of his claims that he was not aware of prior to the expiration of the statute of limitations.  Petitioner almost exclusively cites the trial transcript and conduct occurring at or before the trial in support of his claims.  *See generally* Dkt. No. 8.  And while Petitioner claims that an inmate (and a review of the U.S. Census records) can provide information as to a conflict of interest between Trial Counsel and Petitioner due to Trial Counsels' alleged family relationship to the victim – that alleged relationship or possibility of a relationship was known before trial.  *See* Dkt. No. 8 at 23.  As reflected in the record, the issue was addressed by the state district court judge before trial as well as on state habeas review.  *See* Dkt. No. 34-8 at 24-26 (transcript of status hearing addressing the issue prior to trial on February 28, 2008) (said transcript was filed as part of State's Supplemental Response to Application for a Writ of Habeas Corpus in regard to Petitioner's second state writ filed under art. 11.07).  Therefore, it cannot be said that Petitioner's claim is based on issues and facts that were previously unknown to him or could not have been discovered within the statute of limitations period.  *See In re Young*, 789 F.3d 518, 528 (5th Cir. 2015) (noting that a claim under § 2244(d)(1)(D) is in reference to "the date the petitioner is on notice of the facts which would support a claim, not the date on which the petitioner

has in his possession evidence to support his claim." (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1988)).

### b. *Equitable Tolling*

Another way for Petitioner to overcome his untimeliness is by showing that he is entitled to equitable tolling. In appropriate circumstances AEDPA's one-year statute of limitations can be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

For a petitioner to pursue his rights diligently, the petitioner must demonstrate "'reasonable diligence,' not 'maximum feasible diligence.'" *Jones v. Stephens*, 541 F. App'x 499, 503 (5th Cir. 2013) (quoting *Holland*, 560 U.S. at 653). Petitioner must allege specific attempts he has made to file his petition prior to the expiration of the one-year statute of limitations or specific impediments preventing such timely filing. *Id.* "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state or federal court), unsupported and unsupportable by anything else contained in the record, to be of evidentiary value." *Ekwere v. Davis*, No. 7:19-CV-0092, 2020 WL 5219560, at *10 (S.D. Tex. Feb. 28, 2020) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983)), *report and rec. adopted*, No. CV M-19-092, 2020 WL 5215408 (S.D. Tex. Sept. 1, 2020), *motion for relief from judgment denied*, No. CV M-19-092, 2021 WL 4484085 (S.D. Tex. Sept. 29, 2021).

Specifically, Petitioner has not set forth any facts showing that he was unable to diligently pursue his rights prior to the August 16, 2012 filing deadline. Importantly, the only evidence of Petitioner's diligence in timely pursuing his legal rights was his first habeas petition in 2009. That

16

petition was filed too early, specifically, before the conclusion of direct review. Yet, afterward, Petitioner waited over eight years after that denial and nearly five years after the conclusion of direct review before he continued pursuing his legal rights again as Petitioner's second habeas petition was filed in 2017. As evidenced by Petitioner's first habeas filing, Petitioner knew how to pursue his rights. Nonetheless, Petitioner stopped pursuing his rights for over eight years. Again, Petitioner's efforts to pursue his legal rights again are insufficient to show any diligence because such efforts did not begin until nearly five years *after* the expiration of the statute of limitations. *See e.g., Ekwere*, 2020 WL 5219560, at *10-11 (holding that petitioner was not diligent in pursuing his claims where he did not attempt to contact the State Bar of Texas or his trial counsel until after the habeas filing deadline); *Harrison*, 2015 WL 350788, at *3 (holding that petitioner is not eligible for equitable tolling because petitioner "did not diligently pursue habeas relief when he waited almost eleven months after expiration of the limitations period to file his state petition and over thirty months to file his Federal Petition ... .").

Petitioner also fails to allege any extraordinary circumstances justifying the eight-year pause in pursuing his legal rights or circumstance that otherwise prevented him from timely pursuing his legal rights. The Fifth Circuit has explained that extraordinary circumstances justifying equitable tolling must include "external factors beyond [petitioner's] control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (citations omitted). Thus, "equitable tolling applies principally where the defendant actively misleads the plaintiff about the cause of action or prevents the plaintiff from asserting his rights in some extraordinary way." *Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) (citations omitted).

Over time, courts have provided illustrations as to what does not constitute an extraordinary circumstance excusing delay. For example, the inability to read or speak English does not warrant

equitable tolling. *United States v. Morfin*, No. 3-03-CR-434M, 2007 WL 837276, *3 (N.D. Tex. March 20, 2007) (citing *United States v. Polbo-Torres*, No. 3:02-CR-115-P(03), 2005 WL 81725, at *2 (N.D. Tex. Jan. 13, 2005)).  Limited access to a law library does not justify equitable tolling. *Morfin*, 2007 WL 837276, at *3 (citing *United States v. Teshima-Jiminez*, No. CRIM. 97-087, 1999 WL 600326, at *2 (E.D. La. Aug. 5, 1999) ("lack of legal research material and assistance" is not "rare and exceptional circumstances" to justify equitable tolling)).  "[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999); *see also Jones*, 22 F.4th at 491 ("[A] petitioner's failure to comply with state procedural law or general ignorance of the law do not qualify as extraordinary circumstances for purposes of equitable tolling.").    Additionally, neither unfamiliarity with the legal process nor lack of legal representation justifies equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999).

Based on the foregoing, equitable tolling does not operate in Petitioner's favor.  Petitioner has failed to allege any reason, justification, or argument that extraordinary circumstances prohibited him from diligently pursuing his legal rights or prevented Petitioner from pursuing his legal rights in a timely manner. *See Ekwere*, 2020 WL 5219560, at *10-11; *Harrison*, 2015 WL 350788, at *3.   Stated differently, Petitioner could have pursued his legal rights within the limitations period because he has not shown any evidence indicating otherwise.  If anything, Petitioner has shown that he could pursue his legal rights in a timely fashion because, according to the evidence presented, Petitioner was presently capable of pursuing his legal rights and has since his first state habeas filing in 2009.  Overall, Petitioner has failed to show both due diligence in pursuing his legal rights and an extraordinary circumstance justifying his untimeliness and equitable tolling does not apply to excuse Petitioner's untimeliness.

**c.** *Actual Innocence as Gateway for Habeas Review*

A claim of actual innocence may provide "a gateway through which a petitioner may pass" when the limitation period has elapsed. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *see also Laneheart*, 2022 WL 635431, at \*8. However, "tenable actual innocence gateway pleas are rare." *McQuiggin*, 569 U.S. at 386. To meet the threshold requirement and "invoke the miscarriage of justice exception to AEDPA's statute of limitations, … a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "To be credible, an actual innocence claim requires a petitioner to support allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup*, 513 U.S. at 324. However, an "[u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *McQuiggin*, 569 U.S. at 399. In other words, "[a] court may consider how the timing of the submission and the likely credibility of a [petitioner's] affiants bear on the probable reliability of … evidence [of actual innocence]." *Id.* at 399 (quoting *Schlup*, 513 U.S. at 332). Thus, a court can consider "a petitioner's diligence, not discretely, but as part of the assessment whether actual innocence has been convincingly shown." *Id.* at 400. This standard is "demanding" and "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 401 (quoting *Schlup*, 513 U.S. at 316).

In the habeas petition, Petitioner argues that the case presented by the prosecution "was weakly supported" and that his trial counsel team was ineffective in their representation throughout

the pretrial and trial proceedings. *See* Dkt. No. 8 at 27. While couched within a claim of ineffective

assistance of counsel, under a liberal construction of the petition, it can be surmised that Petitioner

may be setting forth a claim of actual innocence as a way to allow for proper review of the habeas

petition. *See Haines*, 404 U.S. at 520; *see e.g.,* Dkt. No. 41 at 4 (arguing that "A.E.D.P.A. is not

applicable to my case and [district court] should conduct an evidentiary hearing … and search in

the public records for the Newly [sic] discovered evidence that is reliable" establishing that Trial

Counsel was ineffective due to a conflict of interest).[6]

In consideration of a claim of actual innocence, it is worthwhile to consider that the state

appellate court addressed whether or not there was sufficient evidence to support the murder

conviction. *See Garza v. State*, 398 S.W.3d 738 (Tex. App.—Corpus Christi-Edinburg 2010, pet.

ref'd). Petitioner focused on the lack of physical evidence linking Petitioner to the murder. *Id.* at

744. The state appellate court, upon review, went through all the witness testimonies and

circumstantial evidence that supported Petitioner's conviction. *Id.* at 739-741. The state court

further explained that the circumstantial evidence reasonably supported the jury conclusion of

guilt, stating:

> Although no witness testified that he actually saw Garza pull the trigger of a gun
> and shoot Macias, the jury heard testimony that immediately after Macias was shot,
> Garza was the only person standing nearby holding a gun. Besides Johnston's
> Dodge, Macias's Jeep was the only vehicle in the parking lot at the time of the
> shooting. Moreover, none of the witnesses testified that anyone besides Macias,
> Garza, and possibly Johnston were in the parking lot at the time of shooting.
> Additionally, several witnesses testified that they saw Garza leave Cardinal Express
> immediately after Macias was shot. Garza's flight from Cardinal Express
> constitutes an additional piece of circumstantial evidence from which the jury could
> infer guilt. *See Clayton v. State*, 235 S.W.3d 772, 780 (Tex. Crim. App. 2007)
> (recognizing that "a fact[-]finder may draw an inference of guilt from the
> circumstance of flight") (citing *Hardesty v. State*, 656 S.W.2d 73, 78 (Tex. Crim.

---

[6] In a recent filing, Petitioner attempts to claim absence of available state corrective process in support of
the habeas petition. *See* Dkt. No. 40 at 5; *see also* 28 U.S.C. § 2254(b)(1)(B)(i). However, Petitioner has
been able to file a state writ under art. 11.04 that was appropriately considered by the Texas Court of
Criminal Appeals in April 2018. *See supra* n.4.

App. 1983); *Jones v. State*, 481 S.W.2d 900, 902 (Tex. Crim. App. 1972)). While
we agree that there is no "physical evidence" linking Garza to the crime, the
circumstantial evidence in this case is strong enough to support Garza's conviction.
*See Hooper* [v. State], 214 S.W.3d [9,] 16 [(Tex. Crim. App. 2007)](noting that
juries are permitted to draw reasonable inferences from circumstantial evidence).

*Garza*, 398 S.W.3d at 745.

This review and summary of the evidence is set out to illustrate that Petitioner has not set

forth any new, reliable information that would warrant habeas review under claim of actual

innocence. *See Schlup*, 513 U.S. at 316 ("Without any new evidence of innocence, even the

existence of a concededly meritorious constitutional violation is not in itself sufficient to establish

a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.").

The claim of an inmate who could testify as to a relationship between Trial Counsel and the victim,

especially at this late date after the trial proceedings, does not call into question the outcome of the

trial after review of the noted facts in support of conviction.  Further, the issue of a potential

familial relationship has been known to the Petitioner throughout the state court proceedings and

subject to reasonable investigation since the conclusion of the jury trial.  *Hancock v. Davis*, 906

F.3d 387, 390 (5th Cir. 2018) ("Evidence does not qualify as 'new' under *Schlup* actual-innocence

standard if it was within reach of [petitioner's] personal knowledge or reasonable investigation."

(quotation marks and citation omitted))  Finally, the claim that Trial Counsel was ineffective in

representing and defending Petitioner at trial due to alleged conflict of interest is a legal claim

under *Strickland v. Washington*, 466 U.S. 668 (1984), that is insufficient to establish "actual

innocence" to allow judicial review of the habeas petition.  *See Azamar v. Davis*, No. 7:18-CV-

00319, 2019 WL 4739385, at *6 (S.D. Tex. June 5, 2019) (noting that claims of trial court error

and ineffective assistance of counsel are legal arguments that address the legal insufficiency of

petitioner's conviction but are not "a credible showing of actual innocence" that would allow a

petitioner to circumvent the procedural bar of the one-year statute of limitations and thus allow a district court to consider the merits of said constitutional claims), *report and rec. adopted sub nom. Prieto Azamar v. Davis*, No. CV M-18-319, 2019 WL 4736930 (S.D. Tex. Sept. 27, 2019).

As such, Petitioner has not established a sufficient claim of actual innocence under *Schlup* and *McQuiggin* to warrant habeas review of the untimely filed petition.

### d. *Petitioner's Claims*

Courts are encouraged to resolve procedural issues before reaching the merits of a habeas claim. *See United States v. London*, 937 F.3d 502, 509-10 (5th Cir. 2019) (Costa, J., concurring) (noting the Supreme Court encourages "courts to 'first resolve procedural issues' before answering constitutional questions") (quoting *Slack v. McDaniel*, 529 U.S. 473, 485 (2000)). Petitioner is alleging that counsel were ineffective in their representation, that the state indictment is defective, prosecutorial misconduct, judicial bias, and insufficient evidence to support the verdict within the habeas petition. However, considering there is no basis for equitable tolling or review under a claim of actual innocence, the petition setting out said claims is time-barred from habeas review and should be dismissed.

### PROCEDURAL REQUESTS

Through the pendency of these proceedings, Petitioner has requested an evidentiary hearing, bond, motion to vacate per Fed. R. Civ. P. 60(b), and appointment of counsel. Upon consideration, it is recommended that each should herein be denied.

### I. Request for Oral Argument & Evidentiary Hearing

In a filing on November 21, 2022, Petitioner made a formal request for both an evidentiary hearing and oral argument to present his claims. (Dkt. No. 22 at 2-3.) Said request for evidentiary hearing had also been made in various other filings by Petitioner. *See, e.g.*, Dkt. Nos. 16 at 5, 10;

17-1 at 1; 19 at 1; 20 at 1; 23 at 5; 37 at 2.  And said request was again made in Petitioner's

response to Respondent's Motion to Dismiss (Dkt. No. 38 at 6) and Petitioner's Motion to Dismiss

Respondent's Motion to Dismiss (Dkt. No. 39 at 2) and in the motions filed in early May of 2023

(Dkt. Nos. 40,41).

> Pursuant to 28 U.S.C. § 2254(e)(2):
>
> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on--
>
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

"Section 2254(e)(2) imposes a limitation on the discretion of federal habeas courts to take

new evidence in an evidentiary hearing."  *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011)*; see also*

*Lewis v. Hall*, No. 1:18CV382-HSO-FKB, 2020 WL 476372, at *3 (S.D. Miss. Jan. 29, 2020).

Even if the requirements of § 2254(e)(2) are met, the petitioner is not guaranteed an evidentiary

hearing, rather, it only opens the door for such hearing.  *Gallegos v. Quarterman*, 265 F. App'x

300, 303 (5th Cir. 2008) (citations omitted).  As such, "[w]hen '[t]he district court ha[s] sufficient

facts before it to make an informed decision on the merits of [the habeas petitioner's] claim' it does

not abuse its discretion in failing to conduct an evidentiary hearing, even where no factual findings

are explicitly made by any state court."  *Id.*  (quoting *McDonald v. Johnson*, 139 F.3d 1056, 1060

(5th Cir. 1998)).

Petitioner has not argued or established that the habeas petition relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, which was previously unavailable.  Nor has Petitioner shown the existence of a factual predicate that could not have previously been discovered with the exercise of due diligence. As noted, the alleged claim of the noted familial relationship between Trial Counsel and victim and/or victim's family was initially addressed at a status hearing before trial and within plenty of time for Petitioner to review.  Without meeting the statutory conditions under § 2254(e)(2)(A) there is no need for hearing and the request for one should be denied.  *See Lewis*, 2020 WL 476372, at *3.

## II. Re-request for Bond

Petitioner previously requested that he be released on bond pending the present motion. (Dkt. Nos. 20 at 1; 21 at 4.)  Such request was subsequently denied by this court.  (Dkt. No. 24.) Thereafter, Petitioner once again requested release on bond pending the disposition of the present petition.  (Dkt. No. 29 at 12-13.)  Similar to Petitioner's first request for bond, Petitioner alleges that the merits of his habeas petition constitute extraordinary circumstances necessitating his release.  (Dkt. No. 29 at 12.)

Federal district courts have inherent power and jurisdiction to release prisoners, including state prisoners, on bail pending the determination of their federal habeas petition.  *See In re Wainwright*, 518 F.2d 173, 174 (5th Cir. 1975) (per curium) ("In spite of the lack of specific statutory authorization, it is within the inherent power of a District Court of the United States to enlarge a state prisoner on bond pending hearing and decision on his application for a writ of habeas corpus.").  To show entitlement to release, a state prisoner must show he "has raised substantial constitutional claims upon which he has a high probability of success, *and* also when extraordinary and exceptional circumstances exist which make the grant of bail necessary to make

habeas remedy effective." *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974) (emphasis

added)[7]; *see also Nelson v. Davis*, 739 F. App'x 254 (5th Cir. 2018) (applying *Calley* standard to

denial of bail pending a determination of a state prisoner's § 2254 petition); *Beasley v. Stephens*,

623 F. App'x 192 (5th Cir. 2015) (same); *Lay v. Tanner*, 433 F. App'x 327 (5th Cir. 2011) (same).

Where a petitioner is incarcerated because he has been tried and convicted, a greater showing of

special reasons for admission to bail pending review is required. *Aronson v. May*, 85 S. Ct. 3, 5

(1964).

Unfortunately for Petitioner, as outlined above, the habeas petition is untimely filed and

should not be allowed to proceed forward under equitable tolling or claim of actual innocence.

There is no need for bond to be set based on the claims within the petition.  Petitioner has also not

set forth any exceptional circumstances that bond should be granted such as serious deterioration

of health, a short sentence that is near completion warranting release pending habeas review, or an

extraordinary delay within the proceedings.  *See Nelson*, 793 F. App'x at 255 (setting out the

exceptional circumstances that would warrant bond (citing *Calley*, 496 F.2d at 702 n.1)).

In other words, there is no rational to justify bond and said request should be denied.

### III.    Civil Rule of Procedure 60(b) Motion to Vacate

In Petitioner's "Motion to Dismiss Respondent's Motion to Dismiss," Petitioner requests

relief under Federal Rule of Civil Procedure 60(b).  It is unclear whether such argument presented

by Petitioner under Rule 60(b) is a premature request for the Court to vacate a potential judgment

against Petitioner in this matter or a request under Rule 60 for this court to vacate Petitioner's

---

[7] The Fifth Circuit has noted that although *Calley* involved a habeas petitioner whose underlying conviction
was in the military court system, it drew the legal standard from *Aronson v. May*, 85 S. Ct. 3 (1964), which
involved a civilian challenging his convictions in federal district court. *United States v. Pfluger*, 522 F.
App'x 217, 218 n. 1. (5th Cir. 2013).

criminal conviction underlying the habeas petition.  Under either theory, the argument is without merit and such request should be denied.

First, Petitioner cites Federal Rule of Civil Procedure 60(b)(3) as grounds for relief from judgment.  (Dkt. No. 39 at 1.)  Federal Rule of Civil Procedure 60(b)(3) governs relief from final judgment, order, or proceeding if such final judgment, order, or proceeding is based on fraud. Petitioner continues to argue that the indictment used to indict Petitioner in his criminal case was fraudulently obtained because state criminal procedures were not appropriately followed, and as such, the conviction is fraudulent.  (Dkt. No. 39 at 2-3.)  Petitioner also argues that Trial Counsel's denial of conflict of interest is fraudulent.  (*Id.*)  However, requesting the court to vacate Petitioner's criminal conviction under Federal Rule of Civil Procedure 60(b)(3) is improper because Rule 60 only governs *civil* judgments in federal court, not state criminal convictions. *See e.g.,* Fed. R. Civ. P. 1 ("[The Federal Rules of Civil Procedure] govern the procedure in all *civil* actions and proceedings in the United States district courts" (emphasis added)).  To the extent Petitioner is requesting the court vacate Petitioner's state criminal conviction pursuant to Rule 60(b)(3), it is recommended that such request should be denied as it is inapplicable to Petitioner's situation.

Secondly, in construing Petitioner's motion broadly, Petitioner also cites Rule 60(b) for relief from Respondent's Motion to Dismiss.  (Dkt. No. 39 at 3-6.)  As stated previously, Rule 60(b) governs relief from final judgments.  A judgment or order is final and appealable when it resolves all claims against all parties and "leaves nothing for the court to do but execute the judgment." *Askanase v. Livingwell, Inc.*, 981 F.2d 807, 810 (5th Cir.1993) (internal quotation marks and citations omitted).  Thus, a Rule 60(b) motion in reference to Petitioner's present habeas petition is premature because a final judgment or order has not been entered in the matter.  As

such, to the extent Petitioner's motion is requesting the District Court to vacate a decision in this matter, such request should be denied as moot because a final judgment has not been rendered.

## IV.    Request for Counsel

Petitioner seeks appointment of counsel and offers to reimburse the Clerk's Office for such appointment from his commissary account.  (Dkt. No. 41 at 6.)

There is no constitutional right to counsel in federal postconviction proceedings.  *Uria v. Thaler*, 455 F. App'x 522, 523 (5th Cir. 2011) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)).  However, if an evidentiary hearing is required, "the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."  R. Gov. Sec. 2245 Cases 8(c); *see also Urias*, 455 F. App'x at 523.  Additionally, pursuant to §3006A(a)(2)(B), "a §2254 petitioner should be appointed counsel when 'interest of justice so require.'"  *Urias*, 455 F. App'x at 523.

In reaching the decision that the petition is untimely filed, the record provided adequate basis for determination of the issue without a need for an evidentiary hearing.  R. Gov. Sec. 2254 Cases 8(c).  Further, throughout this process, Petitioner has been able to state the claims, file multiple motions and responses in support of the claims, and reference the appropriate state court record.  As such, an appointment of counsel is not needed in the interest of justice.  18 U.S.C. § 3006A(a)(2)(B); *see also United States v. Watkins*, 510 F. App'x 325, 326 (5th Cir. 2013) (noting that a court does not abuse its discretion in denying a request for counsel when there has been a "clear presentation of the claims and the applicable law to the district court showed that the interests of justice did not require the appointment of counsel."); *see also Ledesma v. Stephens*, No. 7:15-CV-460, 2015 WL 13949430, at *1-2 (S.D. Tex. Nov. 20, 2015) (same).

Thus, for noted reasons, the request for counsel should be denied.

## CONCLUSION

### *Recommended Disposition*

After careful review of the record and relevant law, the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner is untimely filed and there is no exception to such late filing; therefore, the undersigned recommends Respondent's Motion to Dismiss (Dkt. No. 33) be **GRANTED**.   It is further recommended that Petitioner's Motion to Dismiss (Dkt. No. 39) and Petitioner's request for evidentiary hearing (Dkt. Nos. 22, 40, 41), request for bond (Dkt. No. 29), request to vacate order per Fed. R. Civ. P. 60(b) (Dkt. No. 39), and request for appointment of counsel (Dkt. No. 41) all be **DENIED**.

It is further recommended that Petitioner's § 2254 habeas petition (Dkt. No. 8) be **DISMISSED with prejudice** and this cause action should be closed out.

### *Certificate of Appealability*

The undersigned recommends the District Court deny a Certificate of Appealability. Petitioner may not appeal the final order of a habeas corpus proceeding "unless the circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). The § 2254 rules instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. Gov. Sec. 2254 Cases 11.  Because the undersigned recommends the dismissal of Petitioner's § 2254 action, it is necessary to address whether Petitioner is entitled to a certificate of appealability ("COA").

A COA "may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).   "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  "When the district court denies a habeas petition

on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the [petitioner] shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Petitioner's claims are not subject to review under either equitable tolling or claim of actual innocence; thus, as outlined within this Report and Recommendation, reasonable jurists would not find it debatable that Petitioner has failed to set forth a valid claim of denial of a constitutional right and reasonable jurists would not find it debatable the court's procedural ruling is in error.

Accordingly, it is recommended that the District Court deny a COA in this matter.

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  The district judge to whom this case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

*Admonishment*

"Courts possess the inherent power 'to protect the efficient and orderly administration of justice and … to command respect for the court's orders, judgments, procedures, and authority.'" *Clear v. JPMorgan Chase Bank, N.A.*, 491 F. Supp. 3d 207, 218 (N.D. Tex. 2020) (quoting *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993) (per curiam)). "Included within this power is 'the power to levy sanctions in response to abusive litigation practices." *Id.* And while the Federal Rules of Civil Procedure "do not provide for a motion to strike documents or portions of documents other than pleadings" (Fed. R. Civ. P. 12(f)), a district court has the ability to strike documents as part of its inherent power to control the docket. *Greer v. Unum Life Insurance Co. of America*, 556 F. Supp. 3d 590, 592 (S.D. Miss. 2021) (citing *Link v Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

With this in consideration, each party is advised that the timely objection by either or both parties to the Report and Recommendation does not provide permission to file an additional reply. Any additional responses (after the filing of initial objections) may be stricken from the record without further consideration under the inherent power of the District Court to control its docket.

The Clerk shall send a copy of this Order to Petitioner and counsel for Respondent.

**DONE** at McAllen, Texas, this 1st day of June 2023.

Juan F. Alanis
United States Magistrate Judge